# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1846

_____

Gregory P. Warger

*Plaintiff - Appellant*

v.

Randy D. Shauers

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: March 12, 2013
Filed: July 24, 2013

_____

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.

_____

BYE, Circuit Judge.

Gregory Warger sued Randy Shauers to recover for injuries he sustained during a traffic accident. After a mistrial, the jury returned a verdict for Shauers. Warger subsequently moved for judgment as a matter of law, or, in the alternative, for a new

trial. The district court[1] denied his motion. On appeal, Warger contends the district court (1) erred by not granting a second mistrial after Shauers's counsel violated an in limine order, (2) should have granted him judgment as a matter of law because there was insufficient evidence to support the jury's verdict, and (3) improperly barred expert witnesses from opining on statutes governing the rules of the road. We affirm.

I

On August 4, 2006, Randy Shauers and Gregory Warger were involved in a traffic accident in Pennington County, South Dakota. Shauers's truck, which was pulling a camper trailer, clipped Warger's motorcycle. Warger suffered serious injuries, including the amputation of his left leg. He filed suit against Shauers, asserting a claim of negligence and seeking to recover for property damage, loss of enjoyment of life, permanent disability, present and future medical expenses, and prejudgment interest.

A jury trial commenced on July 20, 2010, resulting in a mistrial after Shauers's attorney violated the district court's in limine order instructing "that experts may offer opinion testimony as to a driver's conduct but may not offer legal opinions as to whether such conduct violates South Dakota law." Appellant's Add. 35. During a second trial, on cross-examination of an expert witness, Shauers's attorney again violated the order by asking whether "Mr. Warger ha[d] to yield to the right-of-way and not enter . . . until he [was] certain that the highway [was] free of oncoming traffic . . . ." Id. at 38. Warger's counsel objected and asked for a recess. The court excused the jury and held a brief hearing, during which Warger moved for a mistrial. The court acknowledged the violation, but denied the motion for mistrial because it found the violation had not been prejudicial. After the recess, the court instructed the

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

jury to disregard the question. The trial continued without any further violations of the in limine order, and the jury returned a verdict in favor of defendant Shauers.

After the jury was released from further jury duty, one of the jurors contacted Warger's lawyer and expressed his concern as to the jury foreperson having behaved inappropriately during deliberations. Specifically, the juror alleged the foreperson had focused on her own daughter's past experience with a serious traffic accident, rather than the evidence presented at trial. In an affidavit, the juror contended that during deliberations the foreperson stated her daughter's life would have been ruined had her daughter been held liable for damages caused by the accident. The affidavit further alleged the foreperson expressed she was unwilling to return a verdict for Warger because the Shauers were a young couple and their lives would also be ruined should they be found liable. Further, it stated other jurors had been persuaded by her expressions of sympathy and thus decided to return a verdict for Shauers. Warger subsequently filed a motion for judgment as a matter of law, or, in the alternative, for a new trial. The district court refused to consider the juror's affidavit and denied the motion. Warger filed a timely appeal.

II

A.    Violation of the In Limine Order

On appeal, Warger argues the district court should have declared a mistrial because the second violation of the in limine order was prejudicial. This Court will not disturb a trial court's denial of a motion for mistrial "absent a clear showing of abuse of discretion." Pullman v. Land O' Lakes, Inc., 262 F.3d 759, 762 (8th Cir. 2001). "A violation of an order granting a motion in limine may only serve as a basis for a new trial when the order is specific in its prohibition and the violation is clear." Black v. Shultz, 530 F.3d 702, 706 (8th Cir. 2008). Such violation must constitute prejudicial error or result in an unfair trial. Id. "Prejudicial error is error which in all

-3-

probability produced some effect on the jury's verdict and is harmful to the substantial rights of the party assigning it." Id. (quoting Pullman, 262 F.3d at 762).

It is undisputed the district court's in limine order was specific in its prohibition and the violation was clear. The issue raised on appeal is whether the violation was prejudicial. We agree with the district court, it was not. The court gave a curative instruction after the recess and, during final jury instructions, reminded the jury that if an objection is sustained they "must ignore the question and must not try to guess what the answer might have been." Appellant's App. 79. We have previously upheld district courts' refusals to grant mistrials for violations of in limine orders when, *inter alia*, the court gives "a prompt and clear curative instruction." Russell v. Whirlpool Corp., 702 F.3d 450, 460 (8th Cir. 2012).

Warger argues the curative instruction was insufficient because it was not given until the jury had returned from the recess. Although it is true the instruction was not given until after the recess, Warger provides no persuasive explanation as to how Shauers's question affected the jury's verdict. He claims the question was prejudicial because it was an attempt to introduce inadmissible evidence which was key to Shauers's defense. However, the jury heard no inadmissible testimony because the district court sustained the objection and Shauers's counsel did not ask any similar questions during the remainder of the trial. Accordingly, we cannot say the district court abused its discretion in denying a new trial.

B.      Sufficiency of the Evidence

Warger next argues the district court erred when it denied his motion for judgment as a matter of law or for a new trial. First, he contends there was insufficient evidence to support the jury's verdict. Second, he argues the verdict was against the weight of the evidence because it was tainted by juror misconduct. "We review de novo the district court's denial of a motion for judgment as a matter of law,

using the same standards as the district court." Howard v. Mo. Bone & Joint Ctr., Inc., 615 F.3d 991, 995 (8th Cir. 2010). We will not grant such a motion unless no reasonable jury could have returned a verdict in favor of the non-moving party. Fed. R. Civ. P. 50(a). We will "grant judgment as a matter of law only when all of the evidence points one way and is susceptible of no reasonable inference sustaining the position of the nonmoving party." Littleton v. McNeely, 562 F.3d 880, 885 (8th Cir. 2009) (internal quotation marks and citation omitted). The standard for granting a new trial is even higher. Howard, 615 F.3d at 995. Such decision to grant a new trial lies within the discretion of the district court, Fed. R. Civ. P. 59, and we review the district court's decision for abuse of discretion. Howard, 615 F.3d at 995. "We will not reverse the district court's decision unless there is a clear showing that the outcome is against the great weight of the evidence so as to constitute a miscarriage of justice." Bair v. Callahan, 664 F.3d 1225, 1230 (8th Cir. 2012) (internal quotation marks omitted) (citing Weitz Co. v. MH Washington, 631 F.3d 510, 520 (8th Cir. 2011)).

First, we address Warger's contention as to the evidence presented at trial being insufficient to sustain the verdict. Supporting such argument, Warger points to inconsistencies in Shauers's testimony and an expert witness's model recreating the accident. The district court devoted eight pages to addressing Warger's insufficiency argument. We find such detailed reasoning as being correct. The collision occurred in a matter of seconds, it was observed by few witnesses, and both parties presented conflicting expert testimony. Although Warger's verison of the accident may have been plausible, the jury also heard significant evidence in favor of Shauers. Reasonable jurors could have disagreed on which version was correct. Ultimately, in the face of conflicting evidence, the jury sided with Shauers; our court is not permitted to second-guess such collective judgment. The district court properly allowed the jury's verdict to stand.

We turn next to Warger's argument that the verdict was tainted by juror misconduct. Federal Rule of Evidence 606(b)(1) provides the general rule regarding inquiries into the validity of a verdict:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

Rule 606 also provides three exceptions to the general rule prohibiting the admissibility of such evidence. Warger argues the affidavit falls within the exception which allows a juror to testify about whether "extraneous prejudicial information was improperly brought to the jury's attention." Fed. R. Evid. 606(b)(2)(A). We agree with the district court, it does not.

We have defined "extraneous information" to include "matters considered by the jury but not admitted into evidence." United States v. Bassler, 651 F.2d 600, 602 (8th Cir. 1981). Upon first blush, it would seem the foreperson's comments fall into this category. However, we have distinguished juror testimony regarding "objective events or incidents . . . from juror testimony regarding possible subjective prejudices or improper motives of individual jurors, which numerous courts and commentators have held to be within the rule rather than the exception of 606(b)." United States v. Krall, 835 F.2d 711, 716 (8th Cir. 1987). Jurors' personal experiences do not constitute extraneous information; it is unavoidable they will bring such innate experiences into the jury room. Rather, extraneous information includes objective events such as "publicity and extra-record evidence reaching the jury room, and communication or contact between jurors and litigants, the court, or other third parties." Id. (citing Gov't of the Virgin Islands v. Gereau, 523 F.2d 140, 149 (3d Cir. 1975)). As we have previously instructed, "Rule 606(b) establishes very strict

requirements for accepting testimony from jurors about their deliberations, and trial courts should be hesitant to accept such testimony without strict compliance with the rule." Banghart v. Origoverken, A.B., 49 F.3d 1302, 1306 n.6 (8th Cir. 1995). In this case, the evidence excluded by the district court concerns an alleged bias held by a jury member. It does not concern extraneous information improperly brought before the jury. Thus, the exception to the rule does not apply, and we cannot say the district court abused its discretion.

In the alternative, Warger argues Rule 606(b) should not exclude the affidavit because it is not being used to challenge the verdict, but rather to show a juror was dishonest during voir dire. The Supreme Court has held, "to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 554 (1984). Although juror testimony can be used to show dishonesty during voir dire for the purpose of contempt proceedings against the juror, Clark v. United States, 289 U.S. 1, 12-14 (1933), there is a split among the circuits as to whether such testimony may be used to challenge a verdict. See United States v. Benally, 546 F.3d 1230, 1235 (10th Cir. 2008).

The Ninth Circuit has held that statements by jurors regarding dishonesty during voir dire may be admitted into evidence for the purpose of challenging a verdict. See United States v. Henley, 238 F.3d 1111, 1121 (9th Cir. 2001) (holding "evidence of . . . juror's alleged racial bias is indisputably admissible for the purposes of determining whether the juror's responses were truthful"); Hard v. Burlington N. R.R., 812 F.2d 482, 485 (9th Cir. 1987) ("Statements which tend to show deceit during voir dire are not barred by [Rule 606(b)]."); see also Maldonado v. Mo. Pac. R.R. Co., 798 F.2d 764, 770 (5th Cir. 1986) (stating in *dicta* that "the district court can receive testimony or grant a new trial . . . if the [juror's] voluntary disclosure relates to . . . false information (or withholding) given on voire [sic] dire").

The Third and Tenth Circuits have reasoned differently. Then-Judge Alito, writing for the Third Circuit, held trial courts may exclude such evidence:

> [T]he Federal . . . Rules of Evidence categorically bar juror testimony 'as to any matter or statement occurring during the course of jury's deliberations' even if the testimony is not offered to explore the jury's decision-making process in reaching the verdict . . . We hold . . . that the exclusion of such testimony is not irrational and does not contravene or represent an unreasonable application of clearly established federal law.

Williams v. Price, 343 F.3d 223, 235-37 (3d Cir. 2003) (quoting Fed. R. Evid. 606(b)). More recently, the Tenth Circuit has sided with the Third Circuit's reasoning:

> [I]f the purpose of the post-verdict proceeding were to charge the jury foreman or the other juror with contempt of court, Rule 606(b) would not apply. However, it does not follow that juror testimony that shows a failure to answer honestly during voir dire can be used to overturn the verdict . . . The Third Circuit's approach best comports with Rule 606(b), and we follow it here.

Benally, 546 F.3d at 1235-36 (citations omitted). We also find the Third Circuit's reasoning persuasive. "[A]llowing juror testimony through the backdoor of a voir dire challenge risks swallowing the rule. A broad question during voir dire could then justify the admission of any number of jury statements that would now be re-characterized as challenges to voir dire rather than challenges to the verdict." Id. at 1236.

Congress, when drafting Rule 606(b), made no exception for the admittance of such evidence. "[T]he legislative history demonstrates with uncommon clarity that Congress specifically understood, considered, and rejected a version of Rule 606(b)

that would have allowed jurors to testify on juror conduct during deliberations . . . ." Tanner v. United States, 483 U.S. 107, 125 (1987). We decline to create an exception to the rule here. In order to achieve finality in the litigation process and avoid relentless post-verdict scrutiny and second guessing, occasional inappropriate jury deliberations must be allowed to go unremedied. As the Supreme Court has warned, "full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople would all be undermined by a barrage of postverdict scrutiny of juror conduct." Id. at 120-21. Because we find Rule 606(b) precludes jurors from testifying in regards to jury deliberations for the purpose of challenging a verdict, we conclude the district court did not abuse its discretion.

C.     Validity of the In Limine Order

Finally, Warger argues the district court erred by not allowing his accident reconstruction expert to testify whether either of the drivers' conduct violated South Dakota law. "We review a district court's decision concerning the admission of expert testimony for an abuse of discretion." Miller v. Baker Implement Co., 439 F.3d 407, 412 (8th Cir. 2006) (citing Peitzmeier v. Hennessy Indus., Inc., 97 F.3d 293, 296 (8th Cir. 1996)). The district court excluded such testimony because it would have been based on a traffic officer's report it had found inadmissible. Of course, expert testimony need not always be based on admissible facts or data. Fed. R. Evid. 703. However, expert testimony must be "the product of reliable principles and methods." Fed. R. Evid. 702(c). Because the district court found the officer's report not only inadmissible, but also unreliable, allowing such testimony would have contravened Rule 702(c). Although the court did not allow experts to testify regarding South Dakota law, it provided such information to the jury during final instructions. Thus, the jurors were informed on the rules of the road and were allowed to make their own decisions based on facts and testimony the court found reliable. The court's in limine order did not amount to an abuse of discretion.

## III

For the foregoing reasons, the judgment of the district court is affirmed.

_____